UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LOCAL 513, INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, BRIAN GRAFF, IN HIS REPRESENTATIVE CAPACITY AS PRESIDENT AND BUSINESS MANAGER, LOCAL UNION 513 PENSION FUND, LOCAL UNION 513 HEALTH AND WELFARE FUND, LOCAL UNION 513 ANNUITY FUND, LOCAL UNION 513 JOINT APPRENTICESHIP TRAINING FUND, LOCAL UNION 513 VACATION FUND, BRIAN GRAFF, IN HIS CAPACITY AS CHAIRMAN OF THE BOARD OF TRUSTEES OF SAID FUNDS, INTERNATIONAL UNION OF OPERATING ENGINEERS NATIONAL TRAINING FUND and JOHN L. DOWNEY, IN HIS CAPACITY AS CO-CHAIRMAN OF SAID FUND, | ) | Case Number |
| Plaintiffs, | ) | |
| v. | ) | |
| STEVE'S HAULING AND EXCAVATING, LLC, | ) | |
| Defendant. | ) | |

**COMPLAINT**

COME NOW Plaintiffs, by and through undersigned Counsel, and for their Complaint against Steve's Hauling and Excavating, LLC ("Defendant"), state as follows:

**Parties**

1. Plaintiff Local 513, International Union of Operating Engineers, AFL-CIO (hereinafter "Local No. 513") is a voluntary unincorporated association existing pursuant to the laws of the State of Missouri, is an "employee organization" within the meaning of Section 3(4) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), as amended, 29

U.S.C. §1002(4), and is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act (hereinafter "NLRA"), as amended, 29 U.S.C. § 152(5), representing employees in an industry affecting commerce within the meaning of Section 301 of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), 29 U.S.C. § 185. Plaintiff Brian Graff (hereinafter "Plaintiff Graff") is the duly authorized representative of Local No. 513 and is authorized to bring this cause of action in his representative capacity.

2. Plaintiff Local Union 513 Pension Fund (hereinafter "Pension Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiff Graff is the Chairman and duly designated Trustee of the Pension Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1132. Plaintiff Graff is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

3. Plaintiff Local Union 513 Health and Welfare Fund (hereinafter "Health and Welfare Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiff Graff is the Chairman and duly designated Trustee of the Health and Welfare Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1132. Plaintiff Graff is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

4. Plaintiff Local Union 513 Annuity Fund (hereinafter "Annuity Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiff Graff is the Chairman and duly designated Trustee

of the Annuity Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1132. Plaintiff Graff is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

5. Plaintiff Local Union 513 Joint Apprenticeship Training Fund (hereinafter "JATF Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiff Graff is the Chairman and duly designated Trustee of the JATF Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1132. Plaintiff Graff is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

6. Plaintiff Local 513 Vacation Fund (hereinafter "Vacation Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiff Graff is the Chairman and duly designated Trustee of the Vacation Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1132. Plaintiff Graff is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

7. Plaintiff International Union of Operating Engineers National Training Fund (hereinafter "National Training Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiff John L. Downey is the Co-Chairman and duly designated Trustee of the National Training Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A)

and 1132. Plaintiff Downey is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

8. Together, the foregoing Pension Fund, Health and Welfare Fund, Annuity Fund, JATF Fund, and the Vacation Fund shall be referred to as the "Local 513 Benefit Funds," and the Local 513 Benefit Funds and the National Training Fund shall be collectively referred to as the "Plaintiff Funds."

9. The Union and the Local 513 Benefit Funds maintain their principal offices at 3449 Hollenberg Drive, Bridgeton, MO 63044, and the Local 513 Benefit Funds are administered at the same address.

10. Defendant is a Missouri limited liability company with a Registered Agent listed with the Missouri Secretary of State as Adam R. Lorenz, 339 Broadway, Suite 110, Cape Girardeau, Missouri 63701

11. Defendant at all times relevant herein was doing business within the State of Missouri and within this Court's jurisdiction.

12. Defendant is, was and at all relevant times has been an employer in an industry affecting commerce within the meaning of Section 3(5), (11), (12) and 515 of ERISA, as amended, 29 U.S.C. §§1002(5), (11), (12) and 1145, and of §§2(2), (6) and (7) of the LMRA, 29 U.S.C. §§152(2), (6) and (7).

**Jurisdiction and Venue**

13. This Court has jurisdiction over this matter by virtue of Sections 502(a)(3), 502(e)(1), 502(f), and 515 of ERISA, as amended, 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), 1132(f), and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185 in that Plaintiff Graff and Plaintiff Downey are fiduciaries who seek to enforce the provisions of the Trust documents establishing the

Plaintiff Funds, and the Union is suing for violations of its Collective Bargaining Agreement or Agreements with Defendant.

14. The Court has personal jurisdiction over Defendant, pursuant to ERISA Section 502(e), 29 U.S.C. §1132(e) and Section 301 of the LMRA, 29 U.S.C. § 185(c).

15. Venue is proper pursuant to ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2), in that the Local 513 Benefit Funds are administered within the jurisdiction of this Court and because Local No. 513 maintains its principal office within the jurisdiction of this Court.

**Facts**

16. At all times relevant to this Complaint, Defendant was and has been signatory to and/or otherwise bound to a Collective Bargaining Agreement (the "Agreement") with Local No. 513, and has been signatory to a Participation Agreement with the Local 513 Benefit Funds.

17. As a result of being signatory to and/or otherwise bound to the Agreement and the Participation Agreement, Defendant obligated itself to the terms and conditions of certain Trust Documents adopted by the Trustees of the Plaintiff Funds and establishing the Plaintiff Funds.

18. The Agreement and/or Trust Documents impose certain payment and reporting obligations upon signatory contractors, including Defendant.

19. The Agreement and/or Trust Documents require Defendant to timely submit reports of hours worked by its employees covered by the Agreement, along with financial contributions.

20. Signatory contractors, including Defendant, are required to submit reports of hours worked by covered employees, with payment of contributions, by the 20th day of each month for the prior month's work.

21. The Agreement and/or Trust Documents provide that in the event a signatory contractor fails to submit timely reports of hours, or timely payments, the contractor shall be liable for liquidated damages in the amount of twenty percent (20%) of contributions due.

22. The Agreement and/or Trust Documents further provide that in the event of litigation to recover a delinquency, the contractor shall be liable for the costs of collection, including court costs, interest, and attorneys' fees.

23. The Agreement and/or Trust Documents further provide Plaintiffs with the power to conduct a payroll audit of Defendant's books and records necessary to determine or to verify the amounts due and owing to Plaintiffs under the Agreement.

22. Despite its obligations as set forth herein, since approximately March 2026 Defendant has become delinquent to the Plaintiff Funds in an amount to be determined in principal contributions owed and in liquidated damages.

23. Defendant has not fully and completely reported its fringe benefit obligation to the Plaintiff Funds and the full amount of its liability is therefore unknown.

24. Defendant has failed to make all the known required contributions and lawful dues remissions. This conduct is a breach of the Agreement and in violation of § 515 of ERISA, 29 U.S.C. § 1145.

25. Pursuant to § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Defendant is liable to Plaintiffs for all unpaid principal amounts.

26. Pursuant to Article XVI of the Agreement and § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Defendant is liable for liquidated damages on the unpaid principal amounts.

27. Pursuant to Article XVI of the Agreement, § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), and the Plan and Trust agreements referred to above, Defendant is liable for liquidated damages on amounts it has paid and may pay in an untimely manner.

28. Pursuant to § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Defendant is also liable to pay to Plaintiffs the reasonable attorneys' fees, accounting fees, and costs incurred by Plaintiffs in connection with this action.

24. As a result, Defendant has violated the Agreement, the Trust Documents, and ERISA.

25. Pursuant to ERISA Section 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), Plaintiffs are entitled to appropriate equitable relief.

26. Defendant, by its breach of the Agreement, is in violation of § 515 of ERISA, 29 U.S.C. § 1145, and in breach of the described Plan and Trust agreements, has caused and will continue to cause Plaintiffs to incur reasonable legal, administrative, bookkeeping and accounting fees and costs.

27. Since the full amount of contributions due is not known, Plaintiffs lack an adequate remedy at law and are suffering and will continue to suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all its obligations required under the Agreement and Trust Documents, to submit its records to a payroll audit, and to pay any and all required contributions and ancillary amounts to Plaintiffs.

28. As a result of Defendant's failure to abide by the Agreement, the Trust Documents, and ERISA, Plaintiffs have been harmed.

WHEREFORE, Plaintiffs pray that the Court:

a. Enter Judgment for Plaintiffs and against Defendant;

b. Enter a judgment awarding Plaintiffs all delinquent contributions due and owing, in an amount to be determined in principal contributions and in liquidated damages;

c. Enter an interlocutory order requiring Defendant to submit its records to a payroll audit, and further, that Defendant reimburses Plaintiffs the cost of said payroll audit;

d. Enter a judgment awarding additional amounts determined to be due and owing pursuant to the payroll audit;

e. Enter a judgment awarding Plaintiffs appropriate pre-judgment interest from the due date of all delinquent contributions to the date of judgment;

f. Enter a judgment awarding Plaintiffs liquidated damages in the amount of 20% of the delinquency;

g. Enter a judgment awarding Plaintiffs their attorney's fees, auditing fees, accounting fees, expert fees, and other costs;

h. Enter a judgment awarding Plaintiffs appropriate post-judgment interest at the maximum lawful rate; and

i. Enter orders for such further relief as the Court deems proper in the premises.

Respectfully submitted,

HARTNETT REYES-JONES, L.L.C

*_/s/ Matthew J. Gierse_*
MATTHEW J. GIERSE, No. 63828MO
4399 Laclede Avenue
St. Louis, Missouri 63108
314-531-1054 Telephone
314-531-1131 Facsimile
mgierse@hrjlaw.com
Attorneys for Plaintiffs